FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 JAN -3  AM 10: 02

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JOSEPH E. DICKERSON                    CIVIL ACTION

VERSUS                                 NO: 05-1486

WARDEN BURL CAIN                       SECTION: "J"(2)

### ORDER

   Before the Court is petitioner's **Objection** (Rec. Doc. 17) to the Magistrate Judge's Report and Recommendation in this matter, recommending that the petition be dismissed with prejudice.

   The Magistrate Judge reached his result after conducting a thorough and detailed analysis of the state record. Rec. Doc. 16. He determined that the petition was timely, but that petitioner's ineffective assistance claims were procedurally defaulted due to petitioner's seeking untimely review of the claims contrary to Louisiana Appellate Rule 4-3, that petitioner had failed to demonstrate cause for the default, and that petitioner had not established that a fundamental miscarriage of justice would occur if the merits of his claim were not reviewed. Following a merits review, the remaining claims were rejected.



The Magistrate Judge raised the issue of procedural default sua sponte. Concomitantly, he put petitioner on notice that petitioner was required to submit any evidence or argument concerning the default as part of any objections he might file. Rec. Doc. 16 at 24.

The Court has reviewed petitioner's Objection. The only argument he makes concerning the procedural default of his ineffective assistance claims is a reference to a grant of rehearing in the state district court. Rec. Doc. 17 at 2. Apparently, he is referring to the fact that in connection with his state post-conviction relief application filed on March 2, 2002, following the trial court's denial of the application and supplemental arguments (which included ineffective assistance claims) on July 3, 2002, petitioner moved for and was granted a rehearing on July 31, 2002. However, this does not alter the fact that following an evidentiary hearing (after which it was determined counsel was not ineffective), petitioner filed a writ application in the Louisiana Fifth Circuit that was denied in an order which declared that the portion of the writ application seeking review of the July 3, 2002 denial of seven claims (the sixth of which comprised petitioner's ineffective assistance claim), was untimely under Louisiana Appellate Rule 4-3. Thus, petitioner's sole argument concerning procedural default is

2

unavailing, and his Objection does not establish any cause for the default nor a fundamental miscarriage of justice.

Accordingly, the Court, having considered the complaint, the record, the applicable law, the Report and Recommendation of the United States Magistrate Judge, and petitioner's Objection thereto, hereby **OVERRULES** petitioner's Objection and approves the Report and Recommendation of the United States Magistrate Judge and adopts it as its opinion in this matter. Therefore,

**IT IS ORDERED** that the petition of Joseph E. Dickerson for issuance of a writ of habeas corpus under 28 U.S.C. § 2254 be **DISMISSED WITH PREJUDICE.**

New Orleans, Louisiana, this 28th day of December, 2005.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE